**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JEFFREY WAIN DRAPER,

        Plaintiff,

vs.

MICHAEL HOUCHINS, JAMES A. CLARITY, III, EDWARD JACOBSON, PAT DUFFY,

        Defendants.

No. C06-4024-LRR

INITIAL REVIEW ORDER

      This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted such application on June 19, 2006. Prior to submitting his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983 and multiple supplemental complaints pursuant to 42 U.S.C. § 1983. On numerous occasions, the plaintiff also submitted documents which he filed in the Iowa District Court in and for Clay County or the Iowa District Court in and for Cherokee County.

      Based on the application with certificate of inmate account, in forma pauperis status shall be granted. 28 U.S.C. § 1915. The Clerk of Court shall file the complaint without the prepayment of the filing fee. Given his current financial status, the plaintiff shall not be required to submit an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless, the plaintiff shall submit monthly payments of 20 percent of the preceding month's income credited to his inmate account until the $250.00 filing fee is paid. 28 U.S.C. § 1915(b)(2). *See also* 28 U.S.C. § 1914(a) (requiring $250.00 filing fee). The agency having custody of the plaintiff shall forward payments from his inmate account to the Clerk of Court each

time the amount in the account exceeds $10 until the filing fee is paid. 28 U.S.C. § 1915(b)(2).

In *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), the Supreme Court delineated what constitutes a habeas corpus action as opposed to a 42 U.S.C. § 1983 claim. The plaintiff's label of his action cannot be controlling. *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser*, 411 at 489-90). If a plaintiff is challenging the validity of his conviction or the duration of his incarceration and seeking a determination that he is entitled to immediate or speedier release, a writ of habeas corpus is the only federal remedy available. *Preiser*, 411 U.S. at 500; *Otey v. Hopkins*, 5 F.3d 1125, 1131 (8th Cir. 1993). It is the substance of the relief sought which counts. *Kruger,* 77 F.3d at 1073.

In this 42 U.S.C. § 1983 action, the plain language of the complaint, supplemental complaints and other documents demonstrates that the plaintiff is challenging the validity of his convictions. The plaintiff also references several case numbers. From his statements and references, it appears the plaintiff is dissatisfied with the outcome of several state criminal cases, that is, *State v. Draper*, FECR012241 (Clay County Dist. Ct. 2005); *In Matter of Property Seized for Forfeiture Jeff Draper*, SPCR012250 (Clay County Dist. Ct. 2005); *State v. Draper*, FECR022796 (Cherokee County Dist. Ct. 2006).[1] As relief, the plaintiff seeks, among other things, a new trial and effective assistance of counsel. The

---

[1] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

relief sought by the plaintiff is not available in a 42 U.S.C. § 1983 action.[2] Thus, the plaintiff's claim under 42 U.S.C. § 1983 shall be dismissed.

Moreover, the plaintiff's complaint is frivolous or fails to state a claim upon which relief can be granted. Defendant Duffy and Jacobson are entitled to absolute immunity because a judge, performing judicial functions, enjoys absolute immunity from 42 U.S.C. § 1983 liability. *Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *see also Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (discussing judicial immunity in the context of a 42 U.S.C. § 1983 claim and quoting *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994)); *Callahan v. Rendlen*, 806 F.2d 795, 796 (8th Cir. 1996) ("Judicial immunity protects a judicial officer form civil suits seeking money damages, including those suits initiated under 42 U.S.C. § 1983."). Similarly, Defendant Houchins is entitled to absolute immunity because a prosecutor is entitled to absolute immunity from a suit for damages "under 42 U.S.C. § 1983 for [his or her] conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler*, 424 U.S. at 430-31); *see also Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993) (prosecutor is immune from civil rights claims that are based on actions taken in the performance of their prosecutorial duties); *Snelling v. Westhof*, 972 F.2d 199, 200 (8th Cir. 1992) (same).

---

[2] To the extent he seeks damages for an unlawful conviction, a 42 U.S.C. § 1983 cause of action does not arise until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal . . ., or called into question by the issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S. Ct. 2364, 129 L. Ed.2d 383 (1994).

Construing the action as an application for habeas corpus relief under 28 U.S.C. § 2254, the plaintiff's claim shall be dismissed for failure to meet the exhaustion requirements of 28 U.S.C. § 2254(b)(1).

For the foregoing reasons, this action shall be dismissed because it fails to state a claim upon which relief can be granted or it is frivolous. 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e).

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis is granted.

2) The Clerk of Court is directed to file the complaint without the prepayment of the filing fee.

3) The plaintiff is directed to submit monthly payments of 20 percent of the preceding month's income credited to his account until the $250.00 filing fee is paid.

4) The agency having custody of the plaintiff is directed to forward payments from his inmate account to the Clerk of Court each time the amount in the account exceeds $10 until the filing fee is paid.

5) The plaintiff's complaint is dismissed.

**DATED** this 22nd day of August, 2006.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

TO:  **WARDEN/ADMINISTRATOR**
  **Fort Dodge Correctional Facility, Fort Dodge, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Jeffrey Wain Draper, #0037736, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Draper v. Houchins, et al.*, Case No. C06-4024-LRR. The inmate was granted in forma pauperis status pursuant to 28 U.S.C. § 1915(b), which requires partial payments of the $250.00 filing fee. Because the plaintiff has insufficient funds in his account, the court has not assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Nonetheless,

> . . . [the plaintiff] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [plaintiff] shall forward payments from [his] account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). You must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2).

Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed.

/s/ Pridgen J. Watkins (mj) on 8/22/06
_____
Pridgen J. Watkins
U.S. District Court Clerk
Northern District of Iowa